[No. 26937. Department One. June 29, 1938.]

SAM NICHOLLS *et al., Respondents,* v. SPOKANE PUBLIC
SCHOOL DISTRICT No. 81 *et al., Appellants.*[1]

*Nuzum & Nuzum* and *Paul F. Schiffner,* for appellants.

*Stanbery Foster* and *Richard S. Munter,* for respondents.

*Hyland, Elvidge & Alvord, amicus curiae.*

MAIN, J.—This action was brought to enjoin Spokane
Public School District No. 81 and its board of directors
from carrying out a contract which had been made for
coal to be used as fuel in the school buildings of the

[1]Reported in 80 P. (2d) 833; 82 P. (2d) 857.

district. The trial resulted in a decree of permanent injunction, from which the defendants appeal.

School District No. 81 comprises the city of Spokane and has a large number of public school buildings. On or about August 24, 1937, the district called for bids for the furnishing of approximately four thousand tons of coal to the district during the school year of 1937 and 1938. In response to this call, a number of dealers submitted bids. The lowest bid was for fuel not mined in this state, and this bid was approximately twenty per cent less than the next lowest bid. The contract was awarded to the lowest bidder, and, after about one thousand tons of coal had been delivered under the contract, this action was brought.

Prior to the passage of chapter 164, Laws of 1937, p. 619, the district had not been using coal produced outside of the state of Washington. Section 1 of that act, p. 619, provides that:

"No fuel shall be purchased for use or used in any plant, building, institution or establishment of any kind owned or operated by the State of Washington, or by any county, city, town, school district, or other municipal corporation or agency of any kind, in the State of Washington, unless the same shall have been wholly mined or produced within the State of Washington: . . . *Provided,* That, no such plant, building, institution or establishment of any kind, which, at the time of the passage of this act, is using and/or burning fuel therein, mined or produced outside of the State of Washington, shall be compelled to comply with the provisions of this act, if the director of the department of finance, budget and business of the State of Washington determines and finds the cost of heating such plant, building, institution or establishment by the use of fuels wholly mined or produced within the State of Washington is over five per cent (5%) greater than the 'cost' of heating such plant, building, institution or establishment by the use of fuels wholly mined or produced outside the State of Washington, and written

permission shall be issued by the director of the department of finance, budget and business to continue the use of out-of-state fuel. . . ." Rem. Rev. Stat. (Sup.), § 10322-11 [P. C. § 5537-4a].

It will be noted that this statute contains an express prohibition against a "school district" purchasing any fuel not "wholly mined or produced within the State of Washington." School District No. 81 falls within that class. There is another class, and that is composed of those districts which were using fuel "mined or produced outside of the State of Washington" at the time of the passage of the act.

The question is whether this law is constitutional, and that question, in turn, depends upon whether the statute is a general or a special law.

The classification of the school districts into those that were using coal mined outside of the state at the time of the passage of the act and those that were not, is fixed as of the date that the law became effective, and that classification must remain continuously without any provision for, or anticipation of, future conditions. The classification is based upon whether a particular district, at the time of the passage of the act, was using coal "mined or produced" outside of the state.

A statute which makes a classification as of the time of its passage and makes no provision for future changed conditions is a special, and not a general, law, and the classification found in a statute not based on any reasonable ground makes the law special. Section 1 of chapter 164, Laws of 1937, above quoted, is a special law for both of these reasons. I McQuillin Municipal Corporations (2d ed.), 594; *State ex rel. v. Ellet,* 47 Ohio St. 90, 23 N. E. 931, 21 Am. St. 772; *State v. Post,* 55 N. J. L. 264, 26 Atl. 683; *Ark-Ash Lumber Co. v. Pride & Fairley,* 162 Ark. 235, 258 S. W. 335.

In *State ex rel. Bacich v. Huse,* 187 Wash. 75, 59 P.

(2d) 1101, it was held that a statute which gave the right to get a license to fish in certain waters with gill nets only to those who had such licenses for the year 1932 or for the year 1933, was unconstitutional, because there was no reasonable basis for distinction between persons who held licenses in either of those years and persons who did not. That case is very closely analogous to the one now before us on the matter of classifying school districts into those which were using coal mined outside of the state at the time the act in question was passed and those that were not. If this classification were upheld, it would mean that a district using outside coal for one day prior to the passage of the act could continue to purchase that coal and another district which had not used outside coal at all would be prohibited from using it after the act became effective. There certainly is no reasonable basis for such a classification.

The law, being special, for the reasons indicated, and not general, is unconstitutional, because such a law is inhibited by subd. 15, § 28 of Art. II of the state constitution, which provides that:

"The legislature is prohibited from enacting any private or special laws in the following cases: . . . "15. Providing for the management of common schools."

We are not here concerned with the power of the legislature to pass a general law providing that only fuel mined or produced in this state may be used in any plant operated by the state or any of its subdivisions. The question here is purely one of classification.

The decree appealed from will be reversed, and the cause remanded with direction to dismiss the action.

HOLCOMB, GERAGHTY, and SIMPSON, JJ., concur.

BLAKE, J. (dissenting)—I fail to see how chapter 164, Laws of 1937, p. 619, Rem. Rev. Stat. (Sup.),

§ 10322-11 [P. C. § 5537-4a], violates subd. 15, § 28, Art. II, of the constitution. As I read it, the act is in no sense a special act relating to the management of school districts. By its terms, it is directed to the state and all strictly municipal corporations within the state. It affects all alike and equally—both in the enacting clause and in the provisos. Nor do I see any unreasonable discrimination between municipalities, or between school districts, by the proviso which permits those using out-of-state fuels at the time the act took effect, to continue to use such fuels, if the cost of using state mined fuels would be over five per cent greater. Obviously, the purpose of this proviso was to avoid putting any municipalities using fuel oil to the expense of building over their heating plants—changing to coal burning equipment. It seems to me that it makes a rather sensible classification.

I dissent.

ON REHEARING.

[*En Banc.* September 28, 1938.]

PER CURIAM.—Upon a rehearing *En Banc,* a majority of the court adheres to the Departmental opinion heretofore filed herein.

MILLARD, J., dissents.